Mr. Justice Richardson
delivered the opinion of the court:
The object of the act of 1795, was to obtain security $rom sheriffs, and for that purpose it points out certain *109 iAeans by which the security shall be «ascertained to be good and sufficient. When the act directs the sheriffs bond to be made payable to the treasurers of the state, it £an mean no other officers than those called in the constiiution, Art. Sth, “ the commissioners of the treasury.’’ In art. 10th, “treasurers,” and it is immaterial whether they are described by thé one name or the other. We are to regard the meaning of the act, when not inconsistent with the plain, literal import of the words used.
3dly. Again, when the act declares, that before the bond is accepted by the treasurers, it shall have been approved by three commissioners, it can mean no more than to lay down a rule of action to be practised before the treasurers shall accept the bond. The injunction is merely directory, and though the total neglect might possibly have afforded a ground for declaring the sheriffs office'vacated, still as long as he remained in office, he must be regarded as an officer, and his own failure to perfect his security cannot be pleaded in bar against the consequence of his misconduct, in not discharging his official duties. It was for him to provide and to perfect his security, as the act requires expressly of him, (l Faust, p. 1.)
The same observation is a sufficient answer to the third ground taken. It was the duty of the sheriffs to have recorded in the clerk’s office, the certificate of the commissioners. Tbis also is required of him by the act, (see 2 Faust, p. 8,J and if he did not do so, neither he nor the securities can take advantage of his wrongful neglect.— They are still bound by their bond, which was given on their part, and accepted by the treasurers. The end in view was to obtain security by bond for the officer: and such a bond as the treasurers have accepted must have been given, and become a binding contract. The approval by the commissioners, the certificate, recording, &e. are, besides, no more than the mere modes of giving, examining and perpetuating the bond. These are not of the essence, and constitute no part of the obligation of the contract.— .The last ground, that the bond is for § 10,000, when the *110 act directs it to be given for # 5,000,1 should have deemed worthy of great consideration, but for a decision of this court in the case of the Treasurers vs. the Securities of William Davis, sheriff of Camden. In that case, the securities were held liable, though the bond of sheriff Davis, varied by $ - from the sum required by the act. And when we reflect that the bond and ■security ; the approval ; the certificate and recording, are all proved and done by the sheriff after his election, and before he shall enter upon his office ; — that these are all acts required strictly of him in order to ensure his fidélity, we cannot but foresee the great danger of permitting him or his security, deriving advantage from any error or omission, either in the bond or in the manner of giving or recording it.
DeSaussure, for the motion.
,P(ttigru, contra.
The motion is therefore discharged.
Justices Bay, Noli, Huger, Gantt and Johnson, cop-burred.